```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JOE MYERESS,                                                :
                                                            :
                            Plaintiff,                      :
                                                            :            18-CV-2365 (VSB)
            -against-                                       :
                                                            :            **OPINION & ORDER**
BUZZFEED INC.,                                              :
                                                            :
                            Defendant.                      :
                                                            :
------------------------------------------------------------X
```

Appearances:

Richard Liebowitz
Joseph Anthony Dunne
Liebowitz Law Firm, PLLC
New York, New York
*Counsel for Plaintiff*

Eleanor Martine Lackman
Scott Jonathan Sholder
Cowan, DeBaets, Abrahams & Sheppard LLP
New York, New York
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

  Plaintiff Joe Myeress brings this action against Defendant Buzzfeed Inc. ("Buzzfeed"), alleging copyright infringement pursuant to 17 U.S.C. §§ 101 *et seq.* Currently pending before me is Defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 12.) Because I find that the amended complaint plausibly alleges a claim for copyright infringement, and the amended complaint on its face does not support Defendant's affirmative defense that it is protected by The Digital Millennium Copyright Act, Defendant's motion is DENIED.

I.  **Background**[1]

Plaintiff is a professional photographer based in Florida who photographed an aerial time-lapse photograph of American Airline Arena in Miami (the "Photograph").  (Am. Compl. ¶¶ 1, 5, 11, Ex. A.)[2]  He registered the photograph with the U.S. Copyright Office and was given Copyright Registration Number VA 1-955-450, effective on April 8, 2015.  (*Id.* ¶ 13, Ex. B.)

Defendant controls and operates the website at www.buzzfeed.com ("Defendant's Website" or "Website"), where it publishes web-based news and entertainment articles, with substantial advertising.  (*Id.* ¶¶ 8–10.)  On October 31, 2017, a copy of the Photograph was included in an article on Defendant's Website, entitled *Top 10 Things To Do in Miami* ("Miami Article").  (*Id.* ¶ 14, Ex. C; *see also* Sholder Decl. Ex. A.)[3]  The Miami Article identifies the source of the Photograph as "via seatingchartview.com" which is not an open-source, stock photo, or other form of file sharing or public domain source for images.  (Am. Compl. ¶¶ 20–21.)  Defendant did not license the Photograph from Plaintiff for any use, and did not have Plaintiff's permission or consent to publish the Photograph.  (*Id.* ¶¶ 24–25.)

"The Article was posted to the Buzzfeed community and promoted by the editors of Buzzfeed."  (*Id.* ¶ 15.)  Defendant's policy regarding Buzzfeed community ("Community Section") content is published on its Website, and states, in relevant part, "Our team of Community editors will review your post . . . .  As long as the team of editors likes your post, it will still get promoted."  (*Id.* ¶ 17, Ex. D.)  The policy also states, "Once you publish, our team

---

[1] I assume Plaintiff's allegations to be true for purposes of this motion.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002).  My references to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[2] "Am. Compl." refers to Plaintiff's Amended Complaint.  (Doc. 10.)

[3] "Sholder Decl." refers to the Declaration of Scott J. Sholder in Support of Defendant Buzzfeed, Inc.'s Motion to Dismiss Plaintiff's Complaint, dated May 9, 2018.  (Doc. 14.)

2

of editors will check out your post and promote it on the site if they like it." (*Id.* Ex. D.)
Pursuant to this policy, Defendant's editors reviewed the Miami Article, which included the
Photograph, and elected to promote it on its Website. (*Id.* ¶ 15–16.)

## II. **Procedural History**

Plaintiff filed a complaint in this matter on March 6, 2018. (Doc. 1.) On April 11, 2018, Plaintiff filed an amended complaint ("Amended Complaint"). (Doc. 10.) Defendant filed the instant motion to dismiss on May 9, 2018, (Doc. 12), along with a memorandum of law and a declaration in support with exhibits, (Docs. 13–14). On June 6, 2018, Plaintiff filed a brief and a declaration in opposition to Defendant's motion. (Docs. 16–17.) Defendant filed its reply on June 22, 2018. (Doc. 17.)

## III. **Legal Standard**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner*

*v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).  A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).  Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Id.*

IV. <u>**Discussion**</u>

A. *Applicable Law*

"To withstand a motion to dismiss, a complaint based on copyright infringement must allege:  (1) which original works are the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts during what time the defendant infringed the copyright." *Carell v. Shubert Org.*, 104 F. Supp. 2d 236, 250 (S.D.N.Y. 2000) (internal quotation marks omitted).  The Digital Millennium Copyright Act ("DMCA") includes safe-harbor provisions that "provide protections to internet service providers under certain conditions." *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 358 (S.D.N.Y. 2014); *see also* 17 U.S.C. § 512.  First, there are three threshold requirements:  the party "(1) must be a 'service provider' as defined by the statute; (2) must have adopted and reasonably implemented a policy for the termination in appropriate circumstances of users who are repeat infringers; and  (3) must not interfere with standard technical measures used by copyright owners to identify or protect copyrighted works." *Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 743 (S.D.N.Y. 2012).  If these threshold requirements are met, Section 512(c) of the DMCA sets forth the requirements for safe harbor protection:

> (1) In general.--A service provider shall not be liable for monetary relief . . . for injunctive or other equitable relief, for infringement of copyright by reason of the

storage at the direction of a user of material that resides on a system or network controlled or operated by or for the service provider, if the service provider--

(A)     (i) does not have actual knowledge that the material or an activity using the material on the system or network is infringing;

(ii) in the absence of such actual knowledge, is not aware of facts or circumstances from which infringing activity is apparent; or

(iii) upon obtaining such knowledge or awareness, acts expeditiously to remove, or disable access to, the material;

(B) does not receive a financial benefit directly attributable to the infringing activity, in a case in which the service provider has the right and ability to control such activity; and

(C) upon notification of claimed infringement as described in paragraph (3), responds expeditiously to remove, or disable access to, the material that is claimed to be infringing or to be the subject of infringing activity.

(2) Designated agent.--The limitations on liability established in this subsection apply to a service provider only if the service provider has designated an agent to receive notifications of claimed infringement described in paragraph (3), by making available through its service, including on its website in a location accessible to the public, and by providing to the Copyright Office, substantially the following information:

(A) the name, address, phone number, and electronic mail address of the agent.

(B) other contact information which the Register of Copyrights may deem appropriate.

17 U.S.C. § 512(c) ("Section 512(c)").

An affirmative defense, such as protection under Section 512(c), may only be raised on a 12(b)(6) motion "without resort to summary judgment procedure, *if the defense appears on the face of the complaint*." *Daiei Trading Co. v. Williams Rice Milling Co.*, 30 F. App'x 13, 14 (2d Cir. 2002) (emphasis in original) (quoting *Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 74 (2d Cir.1998); *see also Ricci v. Teamsters Union Local 456*, 781 F.3d 25, 28 (2d Cir.

2015) (finding that a statutory affirmative defense can only support a motion to dismiss "if the statute's barrier to suit is evident from the face of the complaint").

        **B.**    *Analysis*

Defendant appears to concede that Plaintiff has adequately plead a prima facie case for copyright infringement.[4] Therefore, I consider only whether Defendant's affirmative defense that it is protected by the DMCA is "evident from the face of the complaint." *Ricci*, 781 F.3d at 28. Similarly, Plaintiff does not meaningfully dispute that Defendant meets the threshold requirements of Section 512(c). (*See* Pl.'s Opp. 12 ("[Defendant] may meet the initial threshold to qualify for Safe Harbor[.]").)[5] Accordingly, I only consider whether the Complaint and documents integral to it establish that Defendant satisfies the requirements of Section 512(c). *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002).

Under 512(c)(1)(A), Defendant must demonstrate that it did not have "actual knowledge that the material" was infringing and that it was "not aware of facts from which infringing activity is apparent." 17 U.S.C. § 512(c)(1)(A). Defendant argues that Plaintiff "pleads no plausible basis to believe [Defendant] had the requisite knowledge of infringing activity that would remove its DMCA protection." (Def.'s Mem. 11.)[6] To the contrary, Plaintiff pleads that Defendant's editors "fully understand that [the source of the Photograph] is not an open source, stock photo, or any other form of file sharing or public domain source for images," and that

---

[4] In its Reply, Defendant suggests in a footnote that Plaintiff's allegation regarding the fourth element fails. (*See* Def.'s Reply 4 n. 4.) Defendant did not make this argument in its opening brief, and I do not consider it here. *See Connecticut Bar Ass'n v. United States,* 620 F.3d 81, 91 n. 13 (2d Cir.2010) (noting that arguments raised for first time in reply are generally deemed waived).

[5] "Pl.'s Opp." refers to Plaintiff Joe Myeress's Opposition to Defendant BuzzFeed Inc.'s Motion to Dismiss," dated June 8, 2018. (Doc. 16.)

[6] "Def.'s Mem." refers to Defendant BuzzFeed Inc.'s Memorandum of Law in Support of Its Motion to Dismiss the Amended Complaint, dated May 9, 2018. (Doc. 13.)

Defendant's editors therefore "had full knowledge that publishing an image" from that source "is an infringement of the rights of the owner of the image." (Am. Compl. ¶¶ 22–23.) Although it may be difficult for Plaintiff to prove ultimately that Defendant knew that publishing the Photograph was infringing activity, accepting the allegations in the complaint as true, and drawing all reasonable inferences in Plaintiff's favor, *Kassner,* 496 F.3d at 237, I find it reasonable to infer from these allegations that Defendant had knowledge of the alleged infringement at the time it promoted the Miami Article. This inference is further supported by Defendant's policy that it "will review" posts submitted to the Community Section of Defendant's Website and will "promote" the ones that they like. (*See* Am. Compl. Ex. D.) Moreover, a "copyright owner is entitled to discovery in order to obtain the specific evidence it needs to sustain its burden of showing that the service provider did in fact know of the infringement or of facts that made infringement obvious." *Capitol Records, LLC v. Vimeo, LLC*, 826 F.3d 78, 97 (2d Cir. 2016).

In the alternative, Defendant argues that even if it did have the requisite knowledge, it "is still protected by the DMCA by virtue of its expeditious removal of the Photograph" pursuant to Section 512(c)(1)(A)(iii) and (C). (Def.'s Mem. 9.) In support of this argument, Defendant attaches a screenshot of the current version of the Miami Article, which it asserts demonstrates that the Photograph has been removed. (Def.'s Mem. 8–9; *see also* Sholder Decl. Ex. B.) However, the version of the article presented with Defendant's motion, (*see* Sholder Decl. Ex. B), was neither attached to nor integral to the Amended Complaint, and I cannot appropriately consider it on a Rule 12(b)(6) motion. *See Chambers*, 282 F.3d at 152–53. Furthermore, the version of the Miami Article provided by Defendant does not indicate the date on which Defendant revised the Miami Article. (*See* Sholder Decl. Ex. B (only indicating the original

publishing date, October 31, 2017); *see also* Sholder Decl. ¶ 4 (indicating only that Exhibit B is a copy of the Article "as it currently appears" on Defendant's Website).) Therefore, even if I were to consider Defendant's exhibit, it would not establish at this stage of the proceeding that Defendant is entitled to DMCA protection.

In addition, for Defendant to be protected under Section 512(c), the Amended Complaint must also make obvious that Defendant did not "receive a financial benefit directly attributable to the infringing activity, in a case in which the service provider has the right and ability to control such activity." 17 U.S.C. § 512(c)(1)(B). The Amended Complaint alleges that Defendant "publishes web-based news and entertainment articles, with substantial advertising" on its Website. (Am. Compl. ¶ 10.) From this allegation, I can reasonably infer that Defendant receives financial benefit from all articles that are published on its Website, including the Miami Article.

Defendant argues that it did not have any control over the Miami Article, because it was posted by a third party to the Community Section of Defendant's Website. (*See* Def.'s Mem. 9–10.) However, at the motion to dismiss stage, Defendant's policy of reviewing all articles and promoting the ones that its editors like supports an inference that Defendant has control over the content on the Community Section of its Website. (*See* Am. Compl. Ex. D.) Therefore, Plaintiff has adequately alleged that Defendant had the "right and ability to control" the infringing activity.

Finally, the Section 512(c) protections are available only to service providers who have "designated an agent to receive notifications of claimed infringement . . . by making available through its service, including on [their] websites in a location accessible to the public." 17 U.S.C. § 512(c)(2). Defendant does not argue in its brief that it has designated such an agent,

8

and it is not apparent from the Amended Complaint, or any document attached to or integral to it, that Defendant has a designated agent.

V. **Conclusion**

Because the Amended Complaint does not demonstrate that Defendant lacked the requisite knowledge, that Defendant expeditiously removed the alleged infringing material upon obtaining such knowledge, that Defendant did not receive a financial benefit from the material, or that Defendant has designated an agent to receive notifications of claimed infringement, I find that Defendant is not, at this stage, entitled to DMCA protection under Section 512(c). *See Scott v. WorldStarHipHop, Inc.*, No. 10 Civ. 9538(PKC)(RLE), 2012 WL 1592229, at *2–3 (S.D.N.Y. May 3, 2012) (denying a motion to dismiss where the amended complaint did not "make apparent [the defendant's] compliance with [the] various requirements [of Section 512(c)(1)"). Indeed, any one of those bases alone would be sufficient to deny Defendant's motion to dismiss. Accordingly, Defendant's motion to dismiss, (Doc. 12), is DENIED.

Defendant shall file an Answer within thirty (30) days of this Opinion & Order.

The Clerk of Court is respectfully directed to terminate the motion at Document 12.

SO ORDERED.

Dated: March 1, 2019
New York, New York

Vernon S. Broderick
United States District Judge